**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

SHANE BLISS,

                Plaintiff,

     v.

STATE OF ALASKA, *et al.*          Case No. 3:19-cv-00236-SLG

                Defendants.

## <u>ORDER OF DISMISSAL</u>

On August 29, 2019, Shane Bliss, a self-represented litigant, filed a Complaint under the Civil Rights Act 42 U.S.C. § 1983, along with a civil cover sheet and an Application to Waive the Filing Fee.[1]  The civil cover sheet does not cite to a U.S. civil statute, but states "Judicial misconduct, criminal negligence, judges commi[t]ting felonies."  Additionally, the civil cover sheet gives the brief description of the cause of action as "Judges heard testimony from criminal admitting to numerous felonies and did nothing."  The civil cover sheet also lists two related state court cases:  3KN-16-00404CI and 3KN-16-00425CI.  The Court takes judicial notice that Case No. 3KN-16-00404CI is divorce proceeding with children, *Bliss v. Bliss*, which was reopened on September 3, 2019.[2]  Hearings in

---

[1] Dockets 1-3

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a

that case have been held before Judge Anna Moran and Judge Lance Joanis. The Court also takes judicial notice that Case No. 3KN-16-00425CI is a civil protective action, *Bliss v. Bliss*, which resulted in short-term and long-term protective orders against Shane Bliss.[3] The long-term protective order was dissolved on August 8, 2016. Hearings in that case were held before Judge Jennifer Wells and Judge Anna Moran.

In his Complaint, Mr. Bliss alleges Judges Moran, Joanis, and Wells violated his rights to due process.[4] Mr. Bliss alleges that Judge Moran "told me I could not report my rape, abuse, kidnapping, torture and eventual murder to the police."[5] He further alleges that Brenna Bliss admitted those crimes in court and Judge Moran "did nothing to hold Brenna Bliss accountable for her crimes." Mr. Bliss alleges that Judge Joanis "cut off my testimony in court, declaring he had heard enough. He did not let me testify against my rapist Brenna Bliss and gave custody of my children to my murder[er]."[6] He further alleges that Judge Joanis awarded "my rapist child support in violation of Alaska state law" in addition to "half the children's

---

proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[3] *Id.*

[4] Docket 1 at 2-5. (The Court notes that Mr. Bliss has named "Heather Wells" as the judge-defendant. However, the Court takes judicial notice that Judge Wells first name is Jennifer.).

[5] Docket 1 at 3.

[6] Docket 1 at 4.

PFDs[.]"  Mr. Bliss alleges that Judge Wells "allowed coerced testimony from a mentally handicapped ward of the state in a malicious restraining order against me."[7]  He further alleges that Judge Wells "granted the order after it was proven in court I was no threat."

Mr. Bliss also alleges that Dylan Weiss, the court appointed guardian ad litem from the Office of Public Advocacy, violated his due process rights.  Mr. Bliss alleges that Mr. Weiss "stated that Anna Moran would never agree to my having sole custody of my children."[8]  He further alleges that Mr. Weiss "testified that [Brenna Bliss] was cooperating with the court.  This proves a bias in the court and perjury on the part of Dylan Weiss."

Mr. Bliss lists the State of Alaska as a defendant but does not include separate or distinct allegations against the State.  Mr. Bliss alleges that "the policy or custom of this government violates my rights and I seek injunctive relief to stop the continuing violations of my civil rights."[9]

For relief, Mr. Bliss requests:  (1) $500,000,00.00 in damages;  (2) $500,000,000.00 in punitive damages; (3) an order requiring defendants "forfeit their licenses to practice law; and (4) a declaration that the judges "stand trial with

---

[7] Docket 1 at 5.

[8] Docket 1 at 8.

[9] Docket 1 at 2.

Dylan Weiss as accessory to murder after the fact."[10]  Mr. Bliss demands a jury trial.

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[11]  In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.[12]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[13]  In conducting its review, a

---

[10] Docket 1 at 6-7.

[11] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000).

[12] 28 U.S.C. § 1915(e)(2)(B).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In making this determination, a court may consider "materials that are submitted with and attached to the Complaint."  *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[14]  Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[15]

## DISCUSSION

Mr. Bliss alleges that his due process rights have been violated by three Alaska Superior Court judges, a court-appointed guardian ad litem, and the State of Alaska.  For a plaintiff to plausibly allege a civil rights violation under 42 U.S.C. § 1983, the alleged constitutional or rights violation must have been caused by a state actor operating under the color of state law.  In this case, all of the defendants named by Mr. Bliss are either immune from suit or not state actors for purposes of 42 U.S.C. § 1983.  Accordingly, Mr. Bliss has failed to state a claim upon which relief may be granted, because none of the named defendants can be sued for

---

[14] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[15] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

their judicial acts.  Furthermore, no defendants can be substituted under these facts.  Therefore, Mr. Bliss's action must be dismissed with prejudice.

I.  **Judges Moran, Joanis, & Wells**

In order to plead a proper § 1983 claim, a plaintiff must allege plausible facts that if proven would establish each of the required elements of:  "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."[16]  Judges Moran, Joanis, and Wells are state actors when acting in their role as a judges for the Superior Court of Alaska.  However, not all state actors are subject to liability under 42 U.S.C. § 1983.  Judges have absolute immunity from § 1983 suits for judicial acts.[17]

Since 1872, the Supreme Court has recognized that in order to ensure the proper administration of justice, a judge "in exercising the authority vested in him, be free to act upon his own convictions, without apprehension of personal consequences to himself."[18]  "Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts."[19]  A judge will not be deprived of

---

[16] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015).

[17] *See Stump v. Sparkman*, 435 U.S. 349, 357-58 (1978) (holding that judge's order that authorized sterilization of 15-year-old girl without her knowledge was unconstitutional, but that judge was immune from suit because order was a judicial act.).

[18] *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 337 (1872).

[19] *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (citing *Bradley*, 80 U.S. at

immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction."[20]

When evaluating whether a judge's act was performed within her judicial authority, courts focus on whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity."[21] "These factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity."[22]

Mr. Bliss's claims center on each judge ruling against him in his recent state court actions, *Bliss v. Bliss*, 3KN-16-00404CI and 3KN-16-00425CI. Mr. Bliss alleges that each judge violated his right to due process, because they either considered testimony he did not agree with, limited his own testimony, or made a decision with which he disagreed. Mr. Bliss's claims against Judges Moran, Joanis, and Wells arise directly and solely from their decisions against him in their roles as state court judges. Therefore, Judges Moran, Joanis, and Wells are

---

347.).

[20] *Stump*, 435 U.S. at 357-58 (quoting *Bradley*, 80 U.S. at 351.).

[21] *Ashelman*, 793 F.2d 1072, 1075-76 (citations omitted).

[22] *Ashelman*, 793 F.2d 1072, 1076.

absolutely immune from suit.

In these circumstances, amendment of these claims would be futile.  Mr. Bliss's claims against the judicial officers must be dismissed with prejudice.

## II. **Guardian Ad Litem Weiss**

Mr. Bliss alleges that Dylan Weiss, the court-appointed guardian ad litem, violated his right to due process.  The Court takes judicial notice that Mr. Weiss, an attorney with the Office of Public Advocacy, was appointed by the state Superior Court in Case No. 3KN-16-00404CI, *Bliss v. Bliss.*[23]

Alaska state law permits a state court to appoint an attorney or the Office of Public Advocacy to represent the interests of a minor child "in an action involving a question of the custody, support, or visitation of a child."[24]  Additionally, under Alaska state law, a state court "instead of, or in addition to, appointment of an attorney under (a) of this section, the court may . . . appoint an attorney or other person of the [O]ffice of [P]ublic [A]dvocacy to provide guardian ad litem services to a child in any legal proceedings involving the child's welfare."[25]  The Superior Court has discretion as to whether to appoint a guardian ad litem for a child, or children, in a divorce action.[26]

---

[23] Supra FN 2.

[24] AS 25.24.310(a).

[25] AS 25.24.310(c).

[26] *H.P.A. v. S.C.A.*, 704 P.2d 205, 212 (Alaska 1985).

In order to plead a proper § 1983 claim, a plaintiff must allege plausible facts that if proven would establish each of the required elements of: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."[27]  To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[28]  While a guardian ad litem is appointed by a court, and in some instances, paid for with public funds or employed by a state-funded agency, the role of a guardian ad litem is to investigate and represent only the best interests of a minor child in a legal proceeding.[29]  Due to this independent function as an advocate for a child's best interests, a guardian ad litem is not a state actor for § 1983 purposes.[30]

Accordingly, Dylan Weiss is not a state actor for § 1983 purposes and cannot be sued in this action.  Under these alleged facts, no other defendant could be substituted.  Therefore, amendment of this claim is futile, and Mr. Bliss's claim against Mr. Weiss must be dismissed with prejudice.

---

[27] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015).

[28] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[29] *Kirtley v. Rainey*, 326 F.3d 1088, 1092-1096 (9th Cir. 2003) (analyzing the role of guardian ad litems and holding that guardian ad litems are not state actors for purposes of § 1983 litigation); *see also* AS 25.24.310(c).

[30] *Id.*

## III.   State of Alaska

Mr. Bliss alleges broadly that the State of Alaska "the policy or custom of this government violates my rights and I seek injunctive relief to stop the continuing violations of my civil rights."[31]  A state is not a person for purposes of § 1983.[32]  To the contrary, the State of Alaska is immune from suit in federal court under the Eleventh Amendment of the U.S. Constitution.  Accordingly, the State of Alaska is not a proper defendant, cannot be substituted, and the claim against the State of Alaska must be dismissed with prejudice, because it is futile.

## IV.   Futility of Amendment

A court may dismiss an action without leave to amend where amendment would be futile.[33] Mr. Bliss has alleged civil rights violations against judges, a court-appointed guardian ad litem, and the State of Alaska under 42 U.S.C. § 1983. These defendants either do not meet the required element of being a state actor

---

[31] Docket 1 at 2.

[32] *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) (holding that states are not persons for purposes of § 1983); *Will v. Mich. Dep't. of State Police*, 491 U.S. at 64, 71, n.10. (establishing that even if a plaintiff seeks only injunctive relief, a state has not waived its Eleventh Amendment immunity and cannot be sued under its own name under § 1983); *see also Stilwell v. City of Williams*, 831 F.3d 1234, 1245 (9th Cir. 2016) (explaining that § 1983 did not abrogate states' Eleventh Amendment immunity and therefore does not allow suits in federal court against states themselves).

[33] *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (explaining that dismissal without leave with amend is proper when amendment would be futile); *see also Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (holding that a court may *sua sponte* dismiss for failure to state a claim without notice or an opportunity to amend where plaintiff cannot possibly win relief).

or are immune from suit.  Without a proper defendant, this Court does not have a proper federal question before it.  Accordingly, Mr. Bliss's claims are futile and leave to amend will not be granted.

**IT IS THEREFORE ORDERED:**

1. The Court dismisses this action with prejudice for failure to state a claim upon which relief may be granted and for seeking monetary damages against defendants who are immune from such relief.

2. All pending motions are denied as moot.

3. The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 11th day of December, 2019 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE